IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SCIENTIFIC-ATLANTA, INC. and MOTOROLA, INC. | § § § § | |
| Plaintiffs, | § § | C.A. NO.: 6:05-CV-343 |
| v. | § § § | |
| FORGENT NETWORKS, INC | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § § | |

## MOTION TO TRANSFER/CONSOLIDATE

Defendant, Forgent Networks, Inc. ("Forgent") herein moves to transfer and consolidate the present case with Cause No. 2-05-CV-318 pursuant to Fed.R.Civ.P. Rule 42(a), and in support thereof would show as follows:

The action filed by Declaratory Judgment Plaintiffs, Scientific-Atlanta, Inc. ("S-A") and Motorola, Inc. ("Motorola"), (hereinafter "the Declaratory Judgment Plaintiffs") involves the same operative facts and law that are at issue in a previously filed lawsuit by Forgent in the Marshall Division ("the Marshall Action"). Allowing the Declaratory Judgment Plaintiffs to maintain this action circumvents the well-established rule that the first filed action should take precedence. In addition, maintaining the present suit would lead to increased costs, judicial waste, and multiple trials on nearly identical issues. By contrast, transferring the present case to the Marshall Division for consolidation with the Marshall Action will achieve most efficient resolution of all the issues.

H193299v3-14017.0008 PLEADINGS

Thus, the Court should transfer and consolidate this case to the Marshall Action to preserve Forgent's choice of forum against those Defendants named in the Marshall Action.

## I.
## BACKGROUND AND NATURE OF THE CASE

On July 14, 2005, Forgent filed an action for patent infringement in U.S. District Court in the Eastern District of Texas, Marshall Division, against two groups of defendants, the Cable Defendants (CoxCom, Inc., Comcast Corporation, Comcast STB Software DVR, LLC, Time Warner Cable Inc., and Cable One, Inc.) and the Satellite Defendants (Echostar Communications Corporation; Echostar DBS Corporation; Echostar Technologies Corporation; Echosphere Limited Liability Company; Directv Group, Inc.; Directv, Inc.; Directv Enterprises, LLC; Directv Operations, LLC; and Charter Communications, Inc.) (collectively "Forgent Defendants"). The Forgent Action was assigned to the Honorable Judge Davis. All defendants in that case have now appeared and answered.

In the first filed Forgent Action, the Cable Defendants and Satellite Defendants are accused of infringing one or more claims U.S. Patent No. 6,285,746 ("the '746 patent") by selling, offering for sale, licensing and/or offering to license certain digital video recording (DVR) devices. The Forgent Defendants denied any liability and counterclaimed for declarations of non-infringement, invalidity and unenforceability.

On information and belief, the Cable Defendants sell and distribute set-top DVR drives purchased from S-A and/or Motorola. This sale and distribution by the Cable Defendants is accomplished in *addition to* the sale and distribution of cable services used in conjunction with such DVR devices. On further information and belief, the Cable Defendants identify and

2

establish the technical and performance specifications for the subject DVR devices from S-A and/or Motorola.

On information and belief, the Satellite Defendants manufacture or have manufactured set-top DVR devices which they also sell and distribute in the Eastern District and elsewhere throughout the United States. Like the Cable Defendants, the Satellite Defendants offer programming services above and beyond the mere sale of the DVR set-top boxes.

On September 19, 2005, the Declaratory Judgment Plaintiffs filed this declaratory judgment action seeking the same declaration set forth in Cable Defendants Counterclaims that the same set-top DVR drives they supply to the Cable Defendants do not infringe and that the '746 patent is invalid and unenforceable.

## II.
## ARGUMENT

The Declaratory Judgment Act gives a district court the "unique breadth of . . . discretion to decline to enter a declaratory judgment" even if jurisdiction exists. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). There is no absolute right to a declaratory judgment even when the actual case requirements have been satisfied. *Minnesota Mining & Mfg. Co. v. Norton Co.*, 929 F.2d 670, 672 (Fed.Cir.1991). The district court's discretion should be exercised "in accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration." *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813-14 (Fed.Cir.1996). Further, "the court must make a reasoned judgment whether the investment of time and resources will be worthwhile." *Serco Services Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995).

1. Forum Shopping Does Not Further The
   <u>Purposes Of The Declaratory Judgment Act</u>

The Declaratory Judgment Act was intended to provide a remedy which would "minimize the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued." *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F.Supp. 994, 998 (E.D. Tex. 1993). The Declaratory Judgment Plaintiffs' reasons for bringing the present case are not aligned with the purposes of the Act.

The Declaratory Judgment Plaintiffs complain that they have particular monetary and business interests that are being affected in the Marshall Action. However, intervention under Fed.R.Civ.P. Rule 24 is and has always been available to Declaratory Judgment Plaintiffs in the Marshall Action to adequately address their interests. Likewise, Declaratory Judgment Plaintiffs could have filed the present declaratory judgment action in Marshall. Yet, Declaratory Judgment Plaintiffs brought the present case in the Tyler Division.

The only reason for bringing the present action in the Tyler Division is to exacerbate judicial inconvenience and costs in a transparent attempt to forum shop. Forum shopping does not make the additional investment of time and resources worthwhile or serve the purposes of the Declaratory Judgment Act. "Using a declaratory judgment action to race to *res judicata* or to change forums is thoroughly inconsistent with the purposes of the [Declaratory Judgment] Act and should not be countenanced." *First Health Strategies (TPA), Inc. v. Security Life of Denver Ins. Co.*, 998 F.Supp. 712, 716 (N.D.Tex.1997).

In contrast, transfer of the present case to the Marshall Division for consolidation with the Marshall Action will conserve judicial and client resources. Accordingly, the present case should be transferred to and consolidated with the first filed Marshall Action.

### 2. Both Cases Involve The Same Operative Facts And Law

The Declaratory Judgment Plaintiffs' cause of action involves the same operative facts and law as is at issue in the Marshall Action – the first filed action. Both cases involve common questions of law in that the same law regarding patent infringement, validity and enforceability governs both cases. Both cases have common questions of fact because many of the set top boxes at issue in the present case are the exact set top at issue in the Marshall Action. Accordingly, any decision in the present case will overlap with the decision in the Marshall Action. Thus, transferring the present case to the Marshall Division for consolidation with the Marshall Action will achieve the most efficient resolution of all issues.

Further, transfer and consolidation would not prejudice the parties in the present case. Both cases are currently pending in this Court and discovery has not yet commenced.

### 3. Maintaining The Present Action In The Tyler Division Will Result In Multiple Trials

"It is abundantly clear that multiple lawsuits on the same issue can result in differing and conflicting decisions and do result in a waste of judicial time and resources." *Travelers Ins. v. Louisiana Farm Bureau Federation*, 996 F.2d 774, 777 fn.9 (5th Cir. 1993). Allowing this case to proceed in the Tyler Division will lead to multiple trials. Significantly, the Cable Defendants have not agreed to be bound by any findings of validity, infringement or enforceability, which might be reached in the present case against the Declaratory Judgment Plaintiffs. Thus, a second trial on identical issues would be necessary to enjoin their continued infringing activities resulting in a waste of time and resources. *Id.*

Even assuming that the Cable Defendants did agree to be bound by a decision of the present case, multiple suits would still result on similar issues. Forgent would be faced with one

lawsuit in Tyler against the Declaratory Judgment Plaintiffs, and a simultaneously lawsuit against the Satellite Defendants in the Marshall Action. It is only by consolidation in the Marshall Division that judicial economy will be observed.

    4.  The First To File Rule Dictates
       That This Action Be Transferred
       <u>To The Marshall Division</u>

As set forth above, prior to the filing of the present action Forgent filed a cause of action involving the same operative facts and law in the Marshall Division. The first filed Marshall Action charges the Satellite and Cable Defendants of selling and offering for sale and use of set top boxes which infringe the '746 patent.

The Declaratory Judgment Plaintiffs have elsewhere relied upon the line of authorities, which hold that customer suits are generally disfavored. As set forth in Forgent's *Response And Opposition To The Motion Of Defendants, Coxcom, Inc., Comcast Corporation, Comcast STB Software DVR, LLC, Time Warner Cable Inc. And Cable One, Inc.* (October 12, 2005, Marshall Action), these cases do not apply here. The general rule is that the first filed action against a manufacturer's clients should take precedence over a second filed action by the manufacturer provided that the manufacturer could have been sued in the same forum. *See Diamond-Chase Co. v. Stretch Devices Inc.*, 16 U.S.P.Q.2d 1568, 1570 (C.D. Cal. 1990). Allowing Declaratory Judgment Plaintiffs to maintain this action circumvents the well-principled rule that the first filed action should take precedence.

The traditional view is that the alleged victim should be given the right to choose the forum where its case will be heard. *Pennsylvania General Ins. Co. v. CaremarkPCS*, Slip Copy, 2005 WL 2041969 (N.D, Tex. August 24, 2005). Several U.S. District Courts in Texas have found that allowing an alleged wrongdoer to proceed with a declaratory judgment action

divests the true plaintiff of this right. *Id.* (*citing Kinetic Concepts, Inc. v. Connetics Corporation,* No. Civ. A. SA-04-CA0237XR, 2004 WL 2026812, at *3-4 (W.D.Tex. Sept.8, 2004) (concluding that the declaratory judgment plaintiff filed suit for the improper reason of subverting the real plaintiff's advantage); *Capco International, Inc. v. Haas Outdoors, Inc.,* No.Civ.A. 3:03-CV-2127G, 2004 WL 792671, at *4 (N.D.Tex. Apr.9, 2004) (holding that the declaratory plaintiff's suit was brought "not for reasons supported by the purposes of the Declaratory Judgment Act but for the improper reason of 'subverting the real plaintiff's advantage' in a forum of [the plaintiff's] choosing"); *Peyman v. Optobionics Merger Corporation,* No. 02-3332, 2003 WL 193443, at *3 (E.D.La. Jan.23, 2003) ("[M]isuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action.")).

For all of these reasons, the Court should dismiss and transfer this case for consolidation with the Marshall Action.

### III.
### CONCLUSION

For the reasons set forth above, the Court should transfer and consolidate the present case with Cause No. 2-05-CV-318 to conserve judicial economy.

H193299v3-14017.0008 PLEADINGS

Date: 10-11-05

                                      Respectfully submitted,

                                      Gregory M. Luck
                                      Email: gluck@godwingruber.com
                                      Michael T. McLemore
                                      Email: mmclemore@godwingruber.com
                                      Thomas W. Sankey
                                      Email: tsankey@godwingruber.com
                                      Jeffrey L. Johnson
                                      GODWIN GRUBER LLP
                                      5 Houston Center
                                      1401 McKinney Street, Suite 2700
                                      Houston, TX  77010
                                      (713) 425-7400 - Telephone
                                      (713) 425-7700 - Facsimile

                                      Carl R. Roth
                                      Email: cr@rothfirm.com
                                      The Roth Law Firm, P.C.
                                      115 North Wellington, Suite 200
                                      P. O. Box 876
                                      Marshall, Texas  75671
                                      Telephone: (903) 935-1664
                                      Facsimile:  (903) 935-1797

                                      COUNSEL FOR PLAINTIFF
                                      FORGENT NETWORKS, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's ECF System. Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy via email transmission, facsimile and/or U.S. Mail on this 11th day of October, 2005.

_____
Gregory M. Luck