IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

SCIENTIFIC-ATLANTA, INC. and §
MOTOROLA, INC. §
§
§
Plaintiffs, § C.A. NO.: 6:05-CV-343
§
v. §
§
§ JURY TRIAL DEMANDED
FORGENT NETWORKS, INC §
§
Defendant. §
§

### DEFENDANT'S ORIGINAL ANSWER

Defendant Forgent Networks, Inc. ("Forgent"), hereby Answers Plaintiffs' Declaratory Judgment as follows:

1. Forgent admits that this is an action arising under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.* and the United States Patent Laws, 35 U.S.C. § 1, *et. seq.* All other allegations are denied.

2. Forgent lacks sufficient information upon which to form an opinion as to the truth or falsity of the allegations in Paragraph 2, and as such the same are denied.

3. Forgent lacks sufficient information upon which to form an opinion as to the truth or falsity of the allegations in Paragraph 3, and as such the same are denied.

4. Forgent admits the allegations of Paragraph 4.

5. Forgent denies the allegations of Paragraph 5.

6. Forgent admits the allegations of Paragraph 6.

7. Forgent denies the allegations of Paragraph 7.

H193997v1-14017.0008 PLEADINGS

8. Forgent admits the allegations of Paragraph 8.

9. Forgent admits the allegations of Paragraph 9.

10. Forgent admits the allegations of Paragraph 10.

11. Forgent admits that each of the named Defendants in the Forgent Lawsuit, along with certain other parties, are charged with infringing the '746 patent by offering to sale and selling an offering to lease and leasing within the United States digital video recording devices covered by the '746 patent. Forgent lacks sufficient information upon which to form an opinion as to the truth or falsity of whether said Defendants in the Forgent Lawsuit are Plaintiffs' customers.

12. Forgent admits that all Defendants in the Forgent Lawsuit are inducing others to infringe the '746 patent in the United States.

13. Forgent lacks sufficient information upon which to form an opinion as to the truth or falsity of the allegations in Paragraph 13, and as such, the same are denied.

14. Forgent lacks sufficient information upon which to form an opinion as to the truth or falsity of the allegations in Paragraph 14, and as such, the same are denied.

15. Forgent lacks sufficient information upon which to form an opinion as to the truth or falsity of the allegations in Paragraph 15, and as such, the same are denied.

16. Forgent admits that Plaintiff denies infringement of the '746 patent in Paragraph 16.

17. Forgent admits that Plaintiff contends that the '746 patent is invalid in Paragraph 17.

18. Forgent admits that Plaintiff contends that the '746 patent is unenforceable in Paragraph 18.

H193997v1-14017.0008 PLEADINGS

19.     Forgent admits that Plaintiff contends that Forgent has relinquished rights to enforce the '746 patent in Paragraph 19.

20.     Forgent denies the allegations of Paragraph 20.

21.     The allegations of Paragraph 21 are Plaintiffs' requests of the Court and as such require no response.

22.     Forgent maintains its Answers with respect to the incorporated Paragraphs 1 – 21 as set forth in Paragraph 22.

23.     Forgent lacks sufficient information upon which to form an opinion as to the truth or falsity of the allegation that Plaintiffs lease or sell certain digital video recorders to "Customers." All other allegations of Paragraph 23 are denied.

24.     Forgent lacks sufficient information upon which to form an opinion as to the truth or falsity of the allegations in Paragraph 24, and as such, the same are denied. Forgent expressly denies any allegation that the digital video recording devices at issue in the Forgent Lawsuit do not infringe the '746 patent.

25.     Forgent denies the allegations of Paragraph 25.

26.     Forgent denies the allegations of Paragraph 26.

27.     Forgent denies the allegations of Paragraph 27.

28.     Forgent denies the allegations of Paragraph 28.

29.     Forgent maintains its Answers with respect to the incorporated Paragraphs 1 – 28 as set forth in Paragraph 29.

30.     Forgent denies the allegations of Paragraph 30.

31.     Forgent denies the allegations of Paragraph 31.

32.     Forgent denies the allegations of Paragraph 32.

33. Forgent denies the allegations of Paragraph 33.

34. Forgent denies the allegations of Paragraph 34.

35. Forgent denies the allegations of Paragraph 35.

36. Forgent maintains its Answers with respect to the incorporated Paragraphs 1 – 35 as set forth in Paragraph 36.

37. Forgent denies the allegations of Paragraph 37.

38. Forgent denies the allegations of Paragraph 38.

39. Forgent admits only that 37 C.F.R. § 1.56 existed during the pendency of the applications and that the named inventors and prosecuting attorneys for the applications were subject to such rule. To the extent that Paragraph 39 alleges a legal conclusion regarding the scope and/or function of Rule 56, such allegations do not require a response. All other allegations of Paragraph 39 are denied.

40. No response to Paragraph 40 is required.

41. Forgent admits only that 37 C.F.R. § 1.56 existed during the pendency of the applications and that the named inventors and prosecuting attorneys for the applications were subject to such rule. To the extent that Paragraph 41 alleges a legal conclusion regarding the scope and/or function of Rule 56, such allegations do not require a response. All other allegations of Paragraph 41 are denied.

42. Forgent denies that the Duran article was not fully disclosed in the '746 patent and was not fully disclosed to the Patent and Trademark Office during prosecution. All other allegations of Paragraph 42 are denied.

H193997v1-14017.0008 PLEADINGS

43.     Forgent admits that the inventors and the prosecuting attorneys to the applications were subject to Rule 56 at all times during the prosecution of the applications. All other allegations of Paragraph 43 are denied.

44.     Forgent admits that: (1) during the prosecution of the '685 application, the applicants submitted an Information Disclosure Statement bearing a certificate of mailing dated July 15, 1991 ("July 1991 IDS"); and (2) the July 1991 IDS disclosed the Duran article and U.S. Patent No. 4,965,822. All other allegations of Paragraph 44 are denied.

45.     Forgent admits the allegations in sentences 2 and 4 through 7 of Paragraph 45. Forgent admits that the examiner did not allow any claim during the prosecution of the '685 application. Forgent lacks sufficient information upon which to form an opinion as to the truth or falsity of the remaining allegations in sentence 3 of Paragraph 45, and as such, the same are denied. All other allegations of Paragraph 45 are denied.

46.     Forgent lacks sufficient information upon which to form an opinion as to the truth or falsity of the allegation that the examiner never considered the Duran article prior art, and as such, the same is denied. Forgent admits that at no time during the prosecution of the '045 application did the examiner retract the strike out, the "undated" note, or otherwise indicate on the form PTO-1449 that he considered the Duran article as prior art. Forgent admits that the examiner did not allow any claim during the prosecution of the '045 application. All other allegations of Paragraph 46 are denied.

47.     Forgent lacks sufficient information upon which to form an opinion as to the truth or falsity of the allegation that the examiner never considered the Duran article prior art, and as such, the same is denied. Forgent admits that at no time during the prosecution of the '729 application did the examiner retract the strike out, the "undated" note, or otherwise indicate on

the form PTO-1449 that he considered the Duran article as prior art. Forgent admits that the examiner did not allow any claim during the prosecution of the '729 application. All other allegations of Paragraph 47 are denied.

48.    Forgent denies the allegations of Paragraph 48.

49.    Forgent admits that during the prosecution of the '905 application, applicant submitted a preliminary amendment bearing a certificate of mailing dated January 25, 2000. Forgent admits that applicants stated to the USPTO that newly submitted claims 31 and 32 were "directed to the multiplexer function of applicants' invention." All other allegations of Paragraph 49 are denied.

50.    Forgent admits that the Duran article mentions a communications multiplexer function and circuitry. All other allegations of Paragraph 50 are denied.

51.    Forgent admits that during the prosecution of the '905 application, applicants submitted an Information Disclosure Statement bearing a certificate of mailing dated April 18, 2000. All other allegations of Paragraph 51 are denied.

52.    Forgent denies the allegations of Paragraph 52.

53.    Forgent admits the allegations in sentences 2 and 3 of Paragraph 53. All other allegations of Paragraph 53 are denied.

54.    Forgent denies the allegations of Paragraph 54.

55.    Forgent admits that applicants did not submit any Information Disclosure Statements during the prosecution of the '392 application. All other allegations of Paragraph 55 are denied.

56.    Forgent admits that during the prosecution of the '392 application, applicants submitted a preliminary amendment bearing a certificate of mailing dated February 7, 2001.

Forgent admits that applicants stated to the USPTO that newly submitted claim 31 was "directed to the data storage device of applicant's invention." All other allegations of Paragraph 56 are denied.

57. Forgent denies the allegations of Paragraph 57.

58. Forgent admits the allegations of Paragraph 58.

59. Forgent denies the allegations of Paragraph 59.

60. Forgent is unaware of any '765 patent issuing with a claim of priority to the '685, '045, '729, '905, or '392 applications. Forgent denies the allegations of Paragraph 60.

61. Forgent denies the allegations of Paragraph 61.

62. Forgent admits that during the prosecution of the '675 application, applicants submitted a preliminary amendment bearing a certificate of mailing dated July 28, 2005, canceling claims 1 through 35 and adding claims 36 through 75. All other allegations of Paragraph 62 are denied.

63. Forgent admits the allegations in sentence 1 of Paragraph 63. All other allegations of Paragraph 63 are denied.

64. Forgent admits that applicants canceled all originally filed claims and added new claims to subject matter that was disclosed but previously unclaimed. Forgent admits that in response to a notice of missing parts dated April 3, 2001, applicants submitted a copy of the May 1991 declaration, which did not specifically reference the '392 application by its application number and filing date. All other allegations of Paragraph 64 are denied.

65. Forgent denies the allegations of Paragraph 65.

66. Forgent maintains its Answers with respect to the incorporated Paragraphs 1 – 65 as set forth in Paragraph 66.

67. Forgent denies the allegations of Paragraph 67.

68. Forgent denies the allegations of Paragraph 68.

69. Forgent denies the allegations of Paragraph 69.

70. Forgent denies the allegations of Paragraph 70.

71. Forgent denies the allegations of Paragraph 71.

72. Forgent denies the allegations of Paragraph 72.

73. Forgent denies the allegations of Paragraph 73.

74. Forgent denies the allegations of Paragraph 74.

Forgent denies that Plaintiffs are entitled to any relief in this case. To the extent that any representation or allegation in Plaintiffs' Declaratory Judgment has not been expressly admitted, it is hereby expressly denied.

Date: 10-20-05

Respectfully submitted,

Gregory M. Luck
Michael T. McLemore
Thomas W. Sankey
GODWIN GRUBER LLP
5 Houston Center
1401 McKinney Street, Suite 2700
Houston, TX 77010
(713) 425-7400 - Telephone
(713) 425-7700 - Facsimile

                    Carl R. Roth
                    THE ROTH LAW FIRM, P.C.
                    115 North Wellington, Suite 200
                    P. O. Box 876
                    Marshall, Texas 75671
                    Telephone: (903) 935-1664
                    Facsimile: (903) 935-1797

                    COUNSEL FOR PLAINTIFF
                    FORGENT NETWORKS, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's ECF System. Pursuant to Fed.R.Civ.P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy via email transmission, facsimile and/or U.S. Mail on this 20th day of October, 2005.

_____
Gregory M. Luck

H193997v1-14017.0008 PLEADINGS