# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| SCIENTIFIC-ATLANTA, INC. and MOTOROLA, INC. | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | **Civil Action No. 6-05CV-343 LED** |
| FORGENT NETWORKS, INC. | § § § | |
| **Defendant** | § § | |

_____

### SCIENTIFIC-ATLANTA, INC. AND MOTOROLA, INC.'S RESPONSE AND OPPOSITION TO THE MOTION TO TRANSFER/CONSOLIDATE OF DEFENDANT FORGENT NETWORKS, INC.

_____

Plaintiffs Scientific-Atlanta, Inc. ("S-A") and Motorola, Inc. ("Motorola") herein respond to and oppose the motion by Forgent Networks, Inc. ("Forgent") for transfer of this declaratory judgment action (the "Manufacturer Action") to Marshall for consolidation with *Forgent v. Echostar, et al.* C.A. No. 2-05CV-318 LED (the "Customer Action").

The Court's proposed Scheduling Orders for the Manufacturer Action and Customer Action, which coordinate all pretrial and trial dates in both Actions, properly resolves any issues raised by Forgent's motion. The Court's proposed Scheduling Orders eliminate Forgent's purported concerns regarding judicial economy, properly apply the customer suit doctrine, and take advantage of the objective factors that favor trial in Tyler.

-1-

Dockets.Justia.com

The co-pending Motion to Coordinate by the customers in the Customer Action

sufficiently explains the factors that militate in favor of a trial in Tyler, including the

customer suit doctrine as promulgated by the Federal Circuit in *Katz*[1] and the logistical

advantages of Tyler over Marshall.[2]  Plaintiffs will not burden the Court by repeating

those arguments and authorities here.  However, Plaintiffs do feel that certain deficiencies

in Forgent's motion should be addressed.[3]

**I.      Forgent Fails to Cite Any Authority to Challenge
the Application of the Customer Suit Doctrine of
*Katz* to the Facts of this Case**

Forgent fails to cite any authority to challenge the Federal Circuit's holding in

*Katz* that a manufacturer's declaratory judgment action should take priority over a

customer suit, even when the manufacturer is a national manufacturer.  In fact, four of the

five cases cited by Forgent do not even involve patents or motions to transfer.  In

*Pennsylvania General*[4] the court dismissed a declaratory judgment because it found that

it lacked the authority to hear the case under Fifth Circuit law.  Similarly, in each of *KCI*,

*Capco*, and *Peyman* the Court dismissed declaratory judgments after weighing the so

---

[1] *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990).

[2] *See* Motion to Coordinate Pretrial Proceedings (2:05-CV-00318 LED Sept. 30, 2005)
and Moving Defendants' Reply in Support of Motion to Coordinate Pretrial Proceedings
(2:05-CV-00318 LED Oct. 21, 2005).

[3] As an initial matter, it should be noted that Defendant Forgent failed to confer with
Plaintiffs prior to filing this motion as required by Local Rule CV 7(h).

[4] *Pennsylvania General Ins. Co. v. CaremarkPCS*, 2005 WL 2041969 at *3 (N.D.Tex.
Aug. 24, 2005) ("Because, as explained below, all three factors are met, this court does
not have authority to grant declaratory relief to the plaintiffs, and their complaint is
dismissed.").

called "*Trejo*" or "*Travelers*" factors under Fifth Circuit law.[5]  None of these four cases

involve motions to transfer, patents, or Federal Circuit law at all, much less the specific

customer suit doctrine that applies to this case.

      The sole case cited by Forgent that addresses a motion to transfer, the district

court case of *Diamond-Chase*,[6] is inapposite for other reasons.  First, the holding in

*Diamond-Chase* is based on the finding that the location of evidence and witnesses

weighed in favor of transfer under 28 U.S.C. §1404(a).[7]  This §1404(a) transfer would

have occurred regardless of the subsequent discussion of the customer suit doctrine.

Second, and more importantly, the district court issued the opinion in *Diamond-Chase*

two months prior to the precedential Federal Circuit opinion in *Katz*.  In *Katz*, the Federal

Circuit applied the customer suit doctrine in favor of a manufacturer action despite the

fact that the manufacturers were national manufacturers.[8]  Accordingly, it is not

surprising that no other published opinion appears to have ever cited *Diamond-Chase*.[9]

      Plaintiffs are entitled under *Katz* to step in as the real parties in interest to most

efficiently resolve Forgent's charge of infringement related to plaintiffs' set top boxes.

---

[5] *Kinetic Concepts, Inc. v. Connetics Corp.*, 2005 WL 2026812 at *2 (W.D.Tex. Sept. 8, 2004) (*Trejo* factors); *Capco Int'l, Inc. v. Haas Outdoors, Inc.*, 2004 WL 792671 at *3 N.D.Tex. Apr. 9, 2004) (*Trejo* factors); *Peyman v. Optobionics Merger Corp.*, 2003 WL 193443 at *2 and n.5 (E.D.La. Jan. 23, 2003) (*Travelers* factors).

[6] *Diamond-Chase Co. v. Stretch Devices Inc.*, 16 U.S.P.Q.2d 1568 (C.D. Cal. 1990).

[7] *Diamond-Chase*, 16 U.S.P.Q.2d at 1569.

[8] The C.D.Cal. issued the *Diamond-Chase* opinion on May 29, 1990.  The Federal Circuit subsequently issued *Katz* on July 25, 1990.

[9] *See* KEYCITE of *Diamond-Chase Co. v. Stretch Devices Inc.*, 16 U.S.P.Q.2d 1568 (C.D. Cal. 1990), printed from Westlaw on October 26, 2005 (attached as Exhibit 1 to the Declaration of Brian K. Erickson).

Forgent has failed to cite any authority for the proposition that the customer suit doctrine should not apply to this case and, therefore, Forgent's motion should be denied.

### II.   Forgent Fails to Show Any Facts Weighing in Favor of Transfer to Marshall

As note above, the Court's proposed scheduling orders appropriately resolve the issues raised by Forgent in its motion.  Thus, the only potential basis for transfer would be under § 1404(a).  However, Forgent does not even attempt to show that Marshall would be a more appropriate forum under 28 U.S.C. §1404(a).  *See Langton v. Cbeyond Comm., LLC*, 282 F.Supp.2d 504, 512 (E.D.Tex. 2003) ("the analysis for an inter-district transfer under 1404(a) is the same as for an inter-divisional transfer.")

Forgent's inadequate assertion that this case should be transferred to Marshall merely because it originally sued customers there lacks any support in the case law cited by Forgent.  Each of the cases cited by Forgent for this proposition contain some logical argument from the movant as to why its requested venue would be more appropriate.[10] Forgent does not, because it cannot, offer any such argument here.

On information and belief, all of Forgent's relevant witnesses and documents are located in the <u>Western</u> District of Texas (in Austin.)  Similarly, on information and belief, all of the named inventors, now third parties, and their documents also are located in the <u>Western</u> District of Texas (in Austin.)  Although negligibly, Austin is closer to Tyler than Marshall.  Therefore, Forgent cannot claim that Marshall is a more convenient venue.

---

[10] *Diamond-Chase*, 16 U.S.P.Q.2d at 1569 (discussing that most of the patentee's documents and witnesses were located in the requested venue); *Pennsylvania General*, 2005 WL 2041969 at *8 (addressing location of relevant witnesses); *KCI*, 2004 WL 2026812 at *4 (weighing burdens of the two venues); *Capco*, 2004 WL 792671 at *5 (comparing the burdens of the two venues); *Peyman*, 2003 WL 193443 at *3 (holding that the "center of gravity" of the dispute was in movant's requested venue).

In fact, Forgent properly states in its opposition to the customers' motion to coordinate that Tyler and Marshall are the same venue.[11]  Likewise, it is doubtful that Tyler and Marshall would qualify as different "venues" under any of the cases cited by Forgent.  Each of those cited cases involve a determination of which of the parties' hometown district courts, located thousands of miles apart, would be the appropriate venue.[12]  These cases are simply inapplicable to Forgent's present request for inter-divisional transfer of cases already before the same Court.

### III.    Conclusion

For the reasons set forth herein, Plaintiffs hereby respectfully request that the Court deny Forgent's motion to transfer.

Respectfully submitted, this 26th day of October, 2005.

/s/ Deron Dacus with permission by
Michael E. Jones_____
Tracy Crawford
State Bar No. 05024000
Deron Dacus
State Bar No. 00790553
Ramey & Flock LLP
100 East Ferguson, Suite 500
Tyler, Texas  75702
Telephone: 903.597.3301
Facsimile:  903.597.2413
tcrawford@rameyflock.com
derond@rameyflock.com

Counsel for Scientific-Atlanta, Inc.

/s/ Michael E. Jones_____
Michael E. Jones
State Bar No. 10929400
POTTER MINTON
A Professional Corporation
P. O. Box 359
Tyler, Texas  75710
Telephone:  903.597.8311
Facsimile:   903.593.0846
mikejones@potterminton.com

Counsel for Motorola, Inc.

---

[11] Forgent's Response and Opposition to Motion to Coordinate Pretrial Proceedings at 5 (2:05-CV-00318 LED Oct. 11, 2002) ("*venue is common for both suits*") (emphasis in original)

[12] *See Diamond-Chase*, 16 U.S.P.Q.2d at 1568 (N.D.Ca. v. D.NJ); *Pennsylvania General*, 2005 WL 2041969 at *2 (N.D.Tex v. Cook County, IL); *KCI*, 2004 WL 2026812 at *1 (W.D.Tex v. N.D.Ca.);  *Capco*, 2004 WL 792671 at *1 (N.D.Tex. v. N.D.Miss.); and *Peyman*, 2003 WL 193443 at *1 (E.D.La. v. N.D.Ill.)

-6-

CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 26, 2005. Any other counsel of record will be served by facsimile transmission and first class mail.


                              /s/ Michael E. Jones