N THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| SCIENTIFIC-ATLANTA, INC. and MOTOROLA, INC. | § § § § | |
| **Plaintiffs,** | § § | **C.A. NO.: 6:05-CV-343** |
| v. | § § § | |
| FORGENT NETWORKS, INC | § § § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § § § | |

**FORGENT NETWORKS, INC.'S REPLY IN SUPPORT OF
ITS MOTION TO TRANSFER AND/OR CONSOLIDATE**

Forgent Networks, Inc. ("Forgent") herein replies to the response and opposition filed by Scientific-Atlantic, Inc. and Motorola, Inc. (collectively the "DJ Plaintiffs") to Forgent's motion to transfer and/or consolidate.

The DJ Plaintiffs oppose Forgent's motion on the basis that "[t]he Court's proposed Scheduling Orders eliminate Forgent's purposed concerns ..." [Resp. at 1]. The Court's proposed Scheduling Order does not address that relief requested by Forgent to the extent the DJ Plaintiffs maintain that trial should be had in Tyler and not Marshall.

For the reasons set forth in Forgent's Motion, the declaratory judgment action filed by Scientific-Atlantic and Motorola should be transferred and consolidated with the first filed action in Marshall, Texas.

Dockets.Justia.com

## ARGUMENT

Forgent identified in its Motion those reasons which militate in favor of a transfer and consolidation of this action with the first filed action in Tyler.

A.    Forgent Choice of Venue in
Marshall Should Not Be Disturbed

Preliminarily, Forgent's choice of venue in Marshall, Texas should be given great deference. *Pennsylvania General Ins. Co. v. CaremarkPCS, Slip Copy*, 2005 WL 2041969 (N.D. Tex. August 24, 2005). Citing *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990), the DJ Plaintiffs counter that their action for a declaratory judgment should take priority over a "customer suit" (Resp. at 2). The "customer suit" exception to the first filed case is plainly inapplicable to the case at bar for at least two reasons: First, Scientific-Atlanta and Motorola filed their declaratory judgment action in the same district of the first-filed infringement suit.[1] Second, Forgent's action in the Marshall Division was not filed in a jurisdiction in which these manufacturers could not be sued.

The venue rights of DJ Plaintiffs Scientific-Atlantic and Motorola would in no way be implicated by Forgent's infringement suit being given preference, because venue is common for both suits. Allowing Forgent's first-filed suit to proceed in Marshall would not compel Scientific-Atlanta or Motorola to renounce their right not to be sued in a forum where they could not have been sued for infringement, and to which their declaratory judgment action could not have been transferred. Hence, the "customer suit" exception is inapplicable.

DJ Plaintiffs allegiance to *Katz* and disdain for *Diamond-Chase* misses the boat. The

---

[1]  Plaintiffs presented this exact argument in its Response and Opposition to the Motion of Defendants, Coxcom, Inc., Comcast Corporation, Comcast STB Software DVR, LLC, Time Warner Cable Inc. and Cable One, Inc. filed on October 11, 2005. In this motion, the Cable Defendants then relied upon *Ciena Corp. v. Nortel Networks, Inc.*, No. 2:05-cv-14, 2005 WL 1189881 (E.D. Tex. May 19, 2005).

HOPRIMARY 195639v1

seminal case at issue is *Codex Corp. v. Milgo Electronics Corp.*, 553 F.2d 735 (1st Cir. 1977).

Nothing in *Katz* contradicts or undercuts the language in *Codex* that is the principle basis for

Forgent's position:

> We would recognize a rebuttable presumption that a manufacturer's declaratory
> judgment action, in its home forum, at least if brought no later than promptly after
> a customer action, should take precedence over a mere customer action *in a*
> *jurisdiction in which the manufacturer could not be sued* . . .

*Codex*, 553 F.2d at 738 (emphasis added). In fact, the decision in *Katz* is based directly upon

*Codex*. *Katz*, 909 at 1464 (Fed. Cir. 1990). The DJ Plaintiffs do not and cannot point to any

language in *Katz* that contradicts *Codex*. Likewise, the facts of *Katz* do not support any theory

that the manufacturer could not be sued in the forum where the customer suit was filed.

   *Diamond-Chase Co. v. Stretch Devices, Inc.* confirmed that the customer-suit exception

does not apply to cases in which the manufacturer could be sued in the forum where the

customer suit was brought. *See Id.*, 1990 U.S. Dist. LEXIS 19432, (C.D. Cal. 1990), *aff'd*, 923

F.2d 871 (Fed. Cir. 1990)(unpublished). In that case, Stretch Devices sued Charles M. Jessup,

Inc. ("Jessup") for patent infringement in the District of New Jersey. Six months later, Diamond

Chase, the maker of the accused products, brought a declaratory judgment action against Stretch

Devices in the Central District of California. *See Id.* at *2-3. Like the DJ Plaintiffs, Diamond

Chase also sought to enjoin Stretch Devices based on the "customer suit" exception. Stretch

Devices moved to transfer Diamond Chase's declaratory judgment action from the Central

District of California to the District of New Jersey. Analogous to that argument advanced by the

DJ Plaintiffs, Diamond Chase argued that Stretch Devices' New Jersey suit against Jessup was a

disfavored "customer action," and that the declaratory judgment action filed in the Central

District of California should take precedence over the New Jersey action. *Id.* at *7. The district

court rejected this argument, holding that the customer suit exception *did not apply*:

HOPRIMARY 195639v1

The customer action exception to the general rule that the first filed action should take precedence is based on the premise that a manufacturer should not be forced to defend an action in a forum in which it could not be sued for patent infringement. *Thus, if the manufacturer could be sued in the forum where the customer action was filed, the customer action exception does not apply.*

*Id.* (emphasis added).

The district court found that Diamond Chase *could have been sued* in the District of New Jersey, thus the customer-suit exception to the first-filed doctrine *did not apply*. Stretch Devices' motion to transfer Diamond Chase's declaratory judgment action to the District of New Jersey was therefore granted. This decision was affirmed by the Federal Circuit.

Accordingly, DJ Plaintiffs have not cited a single case that contradicts or overrules the language in *Codex* and confirmed by *Diamond-Chase*.

The DJ Plaintiffs – S-A and Motorola – could have been sued in the Eastern District of Texas. Therefore, suit against these parties does not compel them to defend in a jurisdiction where they could not be sued for infringement. Hence, the "customer suit" exception does not apply and Forgent's choice of forum in the Marshall Division should not be disturbed.

B.     The Court Has Not Ruled on the
        Issues Presented in Forgent's Motion

The DJ Plaintiffs rely on the Court's preliminary coordination of the first filed Marshall action and the Tyler action as somehow dispositive on their proposed status as a "manufacturer" and further implicitly agreeing that "the [alleged] objective factors [that] favor trial in Tyler" (Resp. at 1). The Court has made no such findings, and the DJ Plaintiffs' speculation to the contrary is baseless.

Preliminarily, the schedule has been "coordinated" only as to dates up and through the *Markman* proceedings. The trial and pre-trial scheduling has remained unchanged. The essence of the DJ Plaintiffs' response is an attempt to shift the burden to Forgent to justify a transfer from

Tyler <u>back to Marshall</u>.  This presumption on the part of DJ Plaintiffs plainly would apply only if this case had indeed been already transferred to Tyler.  This is not the case here.  The Court's October 18, 2005 Notice of Hearing clearly indicates that these issues are to be heard on November 8, 2005.  Any speculation on the part of DJ Plaintiffs at this point is unfounded.

As set forth above, the DJ Plaintiffs enjoy no special status as a manufacturer and their second filed suit in Tyler should be consolidated in Marshall.  Further, there is no basis for the argument that issues of costs or efficiency would be served in Tyler.

C.    Forgent Has Not Sought Change
      Of Venue Pursuant to 28 U.S.C.§ 1404(a)

The DJ Plaintiffs' argument as to the absence of facts to compel a transfer under 28 U.S.C. § 1404(a) is a strawman argument.  Forgent has not advanced any argument for transfer under Section 1404(a), and hence the DJ Plaintiffs' deliberation over this argument for over a page of their Response is nonsequitur.

## CONCLUSION

Plaintiffs' choice of forum in Marshall should be accorded substantial deference.  Plainly, the "customer suit" exception does not apply since the DJ action could (and should) have been brought in Marshall.

For the reasons set forth in Plaintiffs' original Motion, as amplified above, this action should be transferred

and consolidated in the first filed action in Marshall, Texas.

Dated:  10/31/05                    .

Respectfully submitted,

_____
Gregory M. Luck
Email: gluck@godwingruber.com
Michael T. McLemore
Email: mmclemore@godwingruber.com
Thomas W. Sankey
Email: tsankey@godwingruber.com
Jeffrey L. Johnson
GODWIN GRUBER LLP
5 Houston Center
1401 McKinney Street, Suite 2700
Houston, TX 77010
(713) 425-7400 - Telephone
(713) 425-7700 - Facsimile

Carl R. Roth
Email: cr@rothfirm.com
The Roth Law Firm, P.C.
115 North Wellington, Suite 200
P. O. Box 876
Marshall, Texas 75671
Telephone: (903) 935-1664
Facsimile: (903) 935-1797

COUNSEL FOR PLAINTIFF
FORGENT NETWORKS, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by First Class/U.S. Mail on this the ⟨31⟩ day of October 2005.

_____
Gregory M. Luck